# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Armon Lewis Pinion, | C/A No. 1:10-1738-HFF-SVH |
| Plaintiffs, | |
| vs. | REPORT AND RECOMMENDATION |
| Warden John R. Owen and US Attorney General, | |
| Defendants. | |

The Petitioner, Armon Lewis Pinion (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at Federal Correctional Institution (FCI) Williamsburg, and files this action *in forma pauperis* under 28 U.S.C. § 1915. For the reasons that follow, the undersigned recommends the District Court dismiss the petition in this case without prejudice and without issuance and service of process.

I.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

II. Discussion

Petitioner indicates that, on March 25, 2010, an illegal sentence of 120 months imprisonment, and 3 years supervised release, was imposed by Judge James C. Fox in the United States District Court for the District of North Carolina. *See* Petition, page 2. Petitioner states that he was indicted under "Title 18 U.S.C. Section 922(G)(1) as being a 'Convicted Felon in Possession of a Firearm.'" *Id*. at 3. Petitioner alleges that the statute under which he was indicted is unconstitutional and that his "indictment should have been 'dismissed with prejudice' during the Pretrial Stages." *Id*. Petitioner further claims that he was subjected to a "sham prosecution" and received ineffective assistance of counsel

during his criminal trial. *Id.* at 5, 7-8. In regard to Petitioner's sentence, he claims the trial judge "imposed an additional supervised release term outside of the original sentence." *Id.* at 4.

In addition to challenging his federal conviction and sentence, Petitioner also claims that "prison officials [have] 'Extorted' him to pay a schedule $25 a Quarter each three (3) months or else he will [lose] institutional privileges." *Id.* at 4. Finally, Petitioner alleges that he is "being deprived of his prescribed 'Medication' in jail, by prison officials." *Id.* at 7. Petitioner seeks immediate release from "unlawful confinement" and an order compelling prison officials to provide Petitioner with his medication. *Id.* at 10.

The instant habeas petition, filed pursuant to 28 U.S.C. § 2241, challenges Petitioner's federal criminal: (1) indictment; (2) prosecution; (3) conviction; and (4) sentence. However, such issues are not properly raised in a § 2241 action. Prior to enactment of § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). However, in 1948, Congress enacted 28 U.S.C. § 2255 to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997). The enactment of § 2255 was also needed, "[b]ecause pertinent court records and witnesses were located in the sentencing district [and] it became impractical to require these petitions to be filed in the district of confinement." *Dumornay v. United*

*States*, No. 93-1402, 1994 WL 170752, at *1 (10th Cir. May 5, 1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy." *Id.* (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Because relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention.'" *Id.* at *2 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)); *see also Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255").

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241, if the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e). The Fourth Circuit has set forth the test to determine whether a § 2255 motion should be considered inadequate or ineffective. *See In re Jones*, 226 F.3d 328 (4th Cir.2000). In order to invoke the savings clause, a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of

constitutional law." *Jones*, 226 F.3d at 333-334. In the instant action, Petitioner does not claim that § 2255 is inadequate or ineffective to test the legality of his detention, nor does it appear that Petitioner has ever filed a § 2255 motion in the sentencing court.[1] Thus, the instant § 2241 challenge to Petitioner's federal conviction and sentence is subject to summary dismissal.

Further, to the extent Petitioner attempts to challenge, and seek relief from, various prison conditions, his claim must also fail. A petition for habeas corpus relief under § 2241 is the proper method to challenge the execution of a federal sentence. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). However, a civil rights action is the proper vehicle to challenge "the conditions of [a prisoner's] prison life, but not [] the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

While the court in *Preiser* reserved judgment on the question of whether challenges to prison conditions may be brought under 28 U.S.C. § 2241, several circuit courts have since held that claims challenging the conditions of a prisoner's confinement are not properly brought in a habeas petition. *See Glaus v. Anderson*, 408 F.3d 382 (7th Cir. 2005) (claim for deliberate indifference to a prisoner's medical needs was not cognizable under § 2241, as release from custody was not an available remedy); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *McIntosh v. United States Parole Comm'n*,

---

[1] A review of Petitioner's court records on the Public Access to Court Electronic Files (PACER) system reveals Petitioner filed a direct appeal of his March 25, 2010, conviction in the Fourth Circuit Court of Appeals on Mach 30, 2010. Petitioner's direct appeal remains pending.

115 F.3d 809, 812 (10th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is a civil rights action)*; Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. . . . A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement'"). *See also Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983) (holding that a claim seeking injunctive relief, which was unrelated to the legality of a prisoner's confinement, was cognizable under 28 U.S.C. § 1983, but not under 28 U.S.C. § 2254); *Warman v. Philips*, C/A No. 1:08-cv-217, 2009 WL 2705833 at *3 (N.D.W.Va. Aug. 25, 2009) (holding that it is well established that a § 2241 petition "may not be used to challenge [an] inmate's conditions of confinement.").

In the present action, Petitioner challenges the prison's removal of money from his inmate account and his alleged denial of prescription medication. Thus, while Petitioner styles the instant action as a § 2241 petition, his claims regarding denial of medication and "extorted" payments actually allege constitutional violations associated with prison conditions or the enforcement of a prison policy, for which Petitioner is not entitled to any relief under § 2241.[2]

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. The Clerk of Court has been directed to mail the standard complaint form, used by federal prisoners to file a *Bivens* action, to the Petitioner.

Finally, it is noted that, even if the Petitioner could avail himself of § 2241, the instant petition would still be dismissed for failure to exhaust administrative remedies. Although § 2241 itself does not contain an exhaustion requirement, a federal prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *See McClung v. Shearin*, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). In the instant case, the Petitioner has not established, or even alleged, that his administrative remedies have been exhausted. Thus, the petition would be recommended for summary dismissal, without prejudice, in any event.

III. Conclusion

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

September 3, 2010  
Florence, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**